**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 95-30131**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**ERIC LAMPKIN,**

**Defendant-Appellant.**

Appeal from the United States District Court
For the Western District of Louisiana
(94 CR 50058 ALL)
( August 25, 1995 )

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

## Background

Eric Lampkin was convicted following a guilty plea of conspiracy to distribute and possession with intent to distribute cocaine base (crack) and cocaine hydrochloride. He was sentenced

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

to a 180-month term of imprisonment, a five-year period of supervised release, and a $50 special assessment. In the district court, Lampkin filed objections to the PSR, arguing that "cocaine base is a term synonymous with cocaine and that ... as a result ... the penalty provisions of [21 U.S.C. § 841] set out a scientifically meaningless distinction between cocaine and cocaine base and the heightened penalty provisions for cocaine base which unfairly [a]ffect racial minorities". Lampkin did not challenge the probation officer's drug quantity calculations; rather, he argued that this court incorrectly decided **United States v. Galloway**, 951 F.2d 64, 66 (5th Cir. 1992).

## Opinion

Lampkin argues that the district court erred in refusing to invoke the rule of lenity when applying the provisions of 21 U.S.C. § 841 for sentencing purposes; he argues that he should have been sentenced according to the sentencing provisions for cocaine powder rather than those for cocaine base. He argues that scientists find no chemical difference between crack and cocaine hydrochloride powder and that the United States Sentencing Commission, in a recent report, concurred with that finding. Lampkin argues that because "[c]ocaine base is synonymous with cocaine ... the penalty provisions of 21 U.S.C. [§] 841 set out a scientifically meaningless distinction between cocaine and cocaine base". Lampkin notes that in its report, the Sentencing Commission concluded that it could not support the current penalty scheme because any

2

differentiating factors between crack and cocaine powder do not approach the level of the 100 to 1 sentencing ratio.

This Court has held that the disparate sentencing provisions for crack cocaine and cocaine powder in the sentencing guidelines do not violate constitutional due process guarantees. **United States v. Thomas**, 932 F.2d 1085, 1090 (5th Cir. 1991), cert. denied, 502 U.S. 1038 (1992). This Court noted that Congress was entitled to treat the two substances differently because they are different chemical substances that are prepared for use in different manners. **Id**.; **Galloway**, 951 F.2d at 65. "[T]he fact that crack cocaine is more addictive, more dangerous, and can therefore be sold in smaller quantities is reason enough for providing harsher penalties for its possession." **United States v. Watson**, 953 F.2d 895, 898 (5th Cir.), cert. denied, 112 S. Ct. 1989 (1992).

Lampkin concedes that his argument is foreclosed by this Court's precedent; he suggests that this Court should vacate its prior holdings which relied upon the conclusion that crack and cocaine powder are different chemical substances. Citing **Galloway**, 951 F.2d at 65. A prior panel opinion may be overruled only by an "overriding Supreme Court decision," a change in statutory law, or this Court sitting en banc. See **United States v. Zuniga-Salinas**, 952 F.2d 876, 877 (5th Cir. 1992) (en banc).

As the Supreme Court has noted, the rule of lenity applies to cases where the "text, structure, and history" of a statute are ambiguous. **United States v. Granderson**, 114 S. Ct. 1259, 1267

3

(1994).  Lampkin's argument that § 841 is ambiguous because crack cocaine and cocaine powder are "synonymous terms" is not persuasive because his arguments are foreclosed by controlling case law.  See **Thomas**, 932 F.2d at 1090.

Lampkin argues that the disparate sentencing provisions for crack and cocaine powder disproportionately affect African-Americans and Hispanic Americans, and thus, constitute a violation of his right to equal protection.  As Lampkin indirectly concedes, his argument is foreclosed by this Court's precedent.  This Court has rejected equal protection challenges to the sentencing scheme.  E.g., **Watson**, 953 F.2d at 897-98. "Even if a neutral law has a disproportionately adverse effect upon a racial minority, it is unconstitutional under the Equal Protection Clause only if that impact can be traced to a discriminatory purpose." **Galloway**, 951 F.2d at 65 (internal quotation and citation omitted).  Because Lampkin has not demonstrated that there was a discriminatory intent behind the classification of the drugs, it "will survive an equal protection analysis if it bears a rational relationship to a legitimate end". **Id**. at 66.

The judgment of the district court is **AFFIRMED**.

4